UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CR-20359-WILLIAMS/REID

UNITED STATES OF AMERICA

vs.

MICHEL DUARTE SUAREZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Michel Duarte Suarez (the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 4 of the indictment. Count 1 charges the defendant with conspiracy to commit bank fraud and mail fraud, in violation of Title 18, United States Code, Section 1349. Count 4 charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1). The government agrees to dismiss the remaining counts of the indictment—Counts 2, 3, and 5 through 9—after sentencing.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

1

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that upon a conviction for Count 1, as specified in paragraph 1, the Court may impose a statutory maximum term of imprisonment of up to thirty (30) years, followed by a term of supervised release of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 or twice the gross gain or gross loss resulting from the offense. The defendant further understands and acknowledges that upon a conviction for Count 4, as specified in paragraph 1, the Court must impose a term of imprisonment of two (2) years and that this term of imprisonment must run consecutive to any term of imprisonment imposed on Count 1. As to Count 4, the Court may impose a term of supervised release of up to one (1) year.

4. The defendant further understands and acknowledges that, in addition to any sentences imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 for each count of conviction will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense(s) committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office and the Court of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government after entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the Guideline calculations for Count 1:

    a. <u>Base Offense Level</u>: The parties agree that the base offense level applicable to the defendant's conduct is a level seven (7) pursuant to Sentencing Guidelines § 2B1.1(a)(1).

    b. <u>Loss</u>: The parties agree that the defendant's participation in the offense of conviction has an intended loss of approximately $803,000, resulting in a fourteen (14) level enhancement pursuant to Sentencing Guidelines § 2B1.1(b)(1)(H).

    c. <u>Sophisticated Means</u>: The parties agree that a substantial part of the fraudulent scheme was committed from outside the United States, resulting in a two (2) level enhancement pursuant to Sentencing Guidelines § 2B1.1(b)(10).

    d. <u>Vulnerable Victim</u>: The parties agree that the defendant knew or should have known that a victim of the offense was a vulnerable victim, resulting in a two (2) level enhancement pursuant to Sentencing Guidelines § 3A1.1(b)(1).

    e. <u>Role</u>: The parties agree that the defendant was either (i) an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, resulting in a four (4) level enhancement pursuant to Sentencing Guidelines § 3B1.1(a), **or** (ii) a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, resulting in a three (3) level enhancement pursuant to Sentencing Guidelines § 3B1.1(b).

TOTAL OFFENSE LEVEL – UNADJUSTED          <u>28</u> or <u>29</u>

    f. <u>Acceptance of Responsibility</u>: The parties agree that the defendant's offense level shall be decreased by three (3) levels pursuant to Sentencing Guidelines §§ 3E1.1(a) and 3E1.1(b) because the defendant has demonstrated acceptance of responsibility for his offenses and assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED          <u>25</u> or <u>26</u>

8. The Defendant remains free to argue for a downward variance under 18 U.S.C. § 3553, and/or for any downward departure under the Sentencing Guidelines.

4

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status, if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms his desire to plead guilty regardless of any immigration consequences that the plea may entail.

11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense(s), in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated

5

by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

12. The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14. The defendant understands and acknowledges that the Court must order restitution

for the full amount of the victim's losses pursuant to 18 U.S.C. § 3663A. The defendant understands and agrees that the amount of restitution owed is $317,729.

15. Should the defendant withdraw from this plea agreement, the defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with the defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against the defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States. The defendant shall be released from this waiver, however, if he moves to withdraw his plea and the Court finds that his plea was (1) not entered into knowingly and voluntarily; (2) entered into based upon ineffective assistance of counsel; or (3) that the United States breached the plea agreement.

16. The defendant confirms that the defendant is guilty of the offense to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant affirms that the defendant has reviewed this agreement and enters into it knowingly, voluntarily, and intelligently, and with the benefit of assistance by the defendant's attorney.

17. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 7/9/25          By: _____
                          Alexander Thor Pogozelski
                          Assistant U.S. Attorney

Date: 7/9/25          By: _____
                          MaeAnn Dunker
                          Attorney for Defendant

Date: 7/9/25          By: _____
                          Michel Duarte Suarez
                          Defendant

8